MAY ET AL., EXECUTORS, *v.* HEINER, COLLECTOR OF INTERNAL REVENUE.

No. 311.   Argued March 7, 1930.—Decided April 14, 1930.

*Mr. Charles H. Sachs,* with whom *Mr. Louis Caplan* was on the brief, for petitioners.

*Assistant Attorney General Youngquist,* with whom *Attorney General Mitchell* and *Messrs. Sewall Key* and *J. Louis Monarch,* Special Assistants to the Attorney General, were on the brief, for respondent.

*Mr. Arthur W. Machen, Jr.,* filed a brief on behalf of Safe Deposit & Trust Company of Baltimore, as *amicus curiæ,* by special leave of Court.

*Mr. Ward Loveless* filed a brief as *amicus curiæ,* by special leave of Court.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

By a written instrument dated October 1st, 1917, Pauline May, wife of Barney May, " transferred, set over and assigned " to him and others, as trustees, (with power to change the investments) certain described securities—bonds, notes, corporate stocks, and money—in trust, to collect the income therefrom and after discharging taxes, expenses, etc., to pay the balance " to Barney May during his lifetime, and after his decease, to Pauline May during her lifetime, and after her decease, all the property in said Trust, in whatever form or shape it may be, shall, after the expenses of the Trust have been deducted or paid, be distributed equally among " her four children, their distributees, or appointees.

Mrs. May died March 25, 1920. Thereafter the Commissioner of Internal Revenue, purporting to proceed under authority of the Revenue Act of 1918, Title IV, 40 Stat. 1057, 1096, 1097, demanded that her executors pay additional taxes reckoned upon the value of the property held under the above-described trust instrument. Having paid the required sum, the executors—petitioners here—asked that it be refunded. By order of February

20, 1924, the Commissioner denied their request. In support of this action he said—

" This trust was included in decedent's gross estate on final audit and review on the ground that it was intended to take effect in possession or enjoyment at or after death. In this case the principal of the trust fund could not take effect in possession until the death of the decedent. According to the provisions of the trust agreement, if the decedent's husband died before her, the income was to be paid to her until her death. The gift of the principal, therefore, could not take effect during the decedent's lifetime. This case comes literally within the terms of the statute, and it has been held by a number of courts in different States that such a transfer as this is taxable, these cases being decided under statutes using the same language as is contained in the Federal Estate Tax Law."

Seeking to enforce their claim the executors sued the Collector in the District Court, Western District of Pennsylvania; judgment in his favor was affirmed by the Circuit Court of Appeals. The matter is here upon certiorari.

The record fails clearly to disclose whether or no Mrs. May survived her husband. Apparently she did not. But this is not of special importance since the refund should have been allowed in either event.

The transfer of October 1st, 1917, was not made in contemplation of death within the legal significance of those words. It was not testamentary in character and was beyond recall by the decedent. At the death of Mrs. May no interest in the property held under the trust deed passed from her to the living; title thereto had been definitely fixed by the trust deed. The interest therein which she possessed immediately prior to her death was obliterated by that event.

Section 401, Revenue Act of 1918, lays a charge " upon the transfer of the net estate of every decedent dying after the passage of this Act," and Section 402 directs that " the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated . . . (c) to the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death . . ."

The statute imposes " an excise upon the transfer of an estate upon death of the owner." *Y. M. C. A.* v. *Davis,* 264 U. S. 47, 50; *Nichols* v. *Coolidge,* 274 U. S. 531, 537.

In *Reinecke* v. *Northern Trust Co.,* 278 U. S. 339, 347, 348, the estate tax prescribed by the Revenue Act of 1918, Sec. 402 (c), and carried into the Act of 1921, 42 Stat. 278, as Sec. 402 (c) thereof, was under consideration. This Court said—

" In its plan and scope the tax is one imposed on transfers at death or made in contemplation of death and is measured by the value at death of the interest which is transferred. . . . One may freely give his property to another by absolute gift without subjecting himself or his estate to a tax, but we are asked to say that this statute means that he may not make a gift *inter vivos,* equally absolute and complete, without subjecting it to a tax if the gift takes the form of a life estate in one with remainder over to another at or after the donor's death. It would require plain and compelling language to justify so incongruous a result and we think it is wanting in the present statute. . . .

" In the light of the general purpose of the statute and the language of § 401 explicitly imposing the tax on net

estates of decedents, we think it at least doubtful whether the trusts or interests in a trust intended to be reached by the phrase in § 402 (c) ' to take effect in possession or enjoyment at or after his death,' include any others than those passing from the possession, enjoyment or control of the donor at his death and so taxable as transfers at death under § 401. That doubt must be resolved in favor of the taxpayer. . . ."

The judgment of the Circuit Court of Appeals is erroneous and must be reversed. The cause will be remanded to the District Court for further proceedings in conformity with this opinion.

*Reversed.*