## WILLIAMS et al. v. UNITED STATES.
### No. J–639.

Court of Claims.
June 2, 1930.

896

William M. Williams, of Washington, D. C. (Edmund B. Quiggle, Williams, Myers & Quiggle, all of Washington, D. C., and Buist & Buist, of Charleston, S. C., on the brief), for plaintiffs.

Fred K. Dyar, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Argued before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The questions presented are: (1) Whether the transfer of May 7, 1917, from John H. Kohnke to the decedent as trustee for himself and his wife was such a transfer intended to take effect in possession or enjoyment at or after the decedent's death as may be included in the decedent's gross estate within the meaning of section 402 (c) of the Revenue Act of 1921; and, if so, (2) whether the taxation of an amount representing the transfer as a part of the estate of the decedent by the Revenue Act of 1921, which was passed more than four years after the transfer was made, is constitutional.

Section 402 (c) of the Revenue Act of 1921, 42 Stat. 227, provides:

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—* * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contempla-

tion of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act). * * *"

The plaintiffs contend, first, that the tax in question was wrongfully exacted, for the reason that the statute under which it was collected applies only to interests "of which the *decedent* has at any time made a transfer, or with respect to which he has at any time created a trust," and that inasmuch as the instrument in question which made the transfer and created the trust was made by John H. Kohnke and not by the decedent, there was no authority for the inclusion of any amount in respect thereof in the decedent's gross estate; secondly, that irrespective of whether the transfer was made by the decedent within the meaning of the statute it was not intended to take effect in possession or enjoyment at or after the decedent's death; and, thirdly, that if it be held that the transfer was one made by the decedent and intended to take effect at or after death, the Revenue Act of 1921 is unconstitutional under Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081, to the extent that it taxes retroactively as a part of the decedent's gross estate the interest so transferred.

■ We think plaintiffs must prevail upon the first point. The transfer of the property and the creation of the trust in respect thereof were the act of John H. Kohnke. On this point the defendant states "that the transfer from Kohnke to George W. Williams, as trustee, was for consideration paid by the latter, and the trust so recites. The situation, therefore, is no different than it would be had the land been conveyed in fee to Williams and the trust then established by the latter. The decedent, Williams, merely took a short cut *but he was the founder of the trust."* This defense might carry some weight if there were sufficient facts to support it. But, before we can hold that the trust was one cre-

ated by the decedent or that the creation thereof by Kohnke was "a short cut," and that the decedent was the founder of the trust, we must have sufficient facts clearly to establish this. All we know is that John H. Kohnke, for a consideration of $5 in cash and "other valuable consideration," created a trust in favor of the decedent and his wife. This he had a perfect right to do, and without more we cannot say that the decedent created the trust. Plaintiff has overcome the prima facie correctness of the Commissioner's assessment.

■ On any other theory we think the exaction of a tax by the inclusion of the value of any portion of this property in the gross estate of Williams would also be unauthorized. The transfer was complete and beyond recall when made in May, 1917, more than four years before the passage of the Revenue Act of 1921. It is unimportant that the decedent had a life interest in the use and the income of the property. The cestui que trust took under the terms of the trust instrument. There was no transfer from Williams by death. Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410; May, et al., Executors, v. Heiner, 50 S. Ct. 286, 74 L. Ed. 826, decided April 14, 1930. In Reinecke, supra, the court held that the value of certain property in respect of which the decedent had created certain trusts, reserving to himself the life interest in the income and the management of the property, should not be included as a part of the estate subject to tax. In that case the trusts were created in 1919 and the grantor died in 1922.

Plaintiffs are entitled to recover $1,679.40 with interest thereon from July 31, 1926, to such date as the Commissioner may determine in accordance with the provisions of subsection (b), § 177, of the Judicial Code, as amended by section 615 (a) of the Revenue Act of 1928 (28 USCA § 284 (b), for which judgment will be accordingly entered.