GEORGIANNA M. ROMBERGER AND PROVIDENT TRUST CO. OF PHILADELPHIA, EXECUTORS, ESTATE OF HENRY A. ROMBERGER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41184. Promulgated November 4, 1930.

*Bertram P. Rambo, Esq.,* for the petitioners.
*Lewis S. Pendleton, Esq.,* for the respondent.

OPINION.

MURDOCK: The Supreme Court of the United States in the case of *Tyler* v. *United States*, 281 U. S. 497, and its companion cases, *United States* v. *Provident Trust Co.*, 281 U. S. 497, and *Lucas* v. *Girard Trust Co.*, 281 U. S. 497, has decided the first point in this case adversely to the petitioners' contention. The estate in the present case was created after the passage of the Revenue Act of 1924 and no contention is made that any of the property had, prior to the creation of the estate by the entirety, belonged to the surviving spouse. In the above cited cases the Supreme Court had before it the very question which is now before us, but despite this fact the petitioners here argue that the court might not have fully and correctly comprehended the incidents of tenancy by the entireties in Pennsylvania and might have been misled by differences between the estate in Maryland and the estate in Pennsylvania. For us to assume that the court made such an error would be decidedly out of place. If there was any such error, the Supreme Court will have to correct it.

The trust created on August 9, 1923, was created within two years prior to the death of the decedent and, therefore, is presumed to have been made in contemplation of death until the contrary appears. This trust took effect in possession and enjoyment immediately upon its creation, was not revocable, and was not intended to take effect in possession or enjoyment at or after the decedent's death. *May* v. *Heiner*, 281 U. S. 238. The question, then, is, What evidence is there that it was not created in contemplation of death? The creator was in August, 1923, a healthy man who apparently expected to live a long time. The evidence negatives the possibility that he then expected death in the reasonably near future and for that reason created the trust in question. But such evidence might not be sufficient were it not for the fact that we have been shown he had another reason for creating the trust; namely, to relieve himself of the burden of personally handling the trust property. The trust officer of the bank, the attorney who drew the trust instrument, a member of the directorate of the bank who knew the decedent intimately, a close friend of the decedent, and the doctor of the decedent, all testified that the decedent was certainly not contemplating death in 1923, but in creating this trust he was following an announced plan to relieve himself of details of business so that he could better enjoy life with his family. Our judgment on this point is for the petitioner. *May* v. *Heiner*, *supra*.

The petitioners are not entitled to judgment in regard to the two pledges. We do not decide whether other pledges may or may not be deductible under section 303 (a) (1) of the Revenue Act of 1924 as claims against the estate incurred or contracted bona fide and for a fair consideration in money or money's worth. We only know that the decedent had pledged the amounts mentioned to two churches, that the petitioners paid all or the unpaid balance of his pledges and that the probate courts thereafter approved the expenditures. This does not show that these pledges were claims against the estate incurred or contracted bona fide and for a fair consideration in money or money's worth.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

Smith and Trussell dissent.