THE COLONIAL TRUST COMPANY AND WILLIAM FULTON KURTZ, EXECUTORS OF THE WILL OF WILLIAM B. KURTZ, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43073. Promulgated April 29, 1931.

*James B. Lichtenberger, Esq.*, for the petitioners.
*L. S. Pendleton, Esq.*, for the respondent.

1378

1384

## OPINION.

MARQUETTE: The petitioners now claim, and the respondent concedes, that the interest of William B. Kurtz in the estate of Madge Fulton Kurtz should be included in the gross estate of William B. Kurtz at $438,712.10, and that in computing the net estate of the decedent deductions should be allowed as follows: (1) $2,261.77 on account of additional income taxes assessed against William B. Kurtz for 1923 and 1924, and (2) $427,072.85 on account of property previously taxed as part of the estate of Madge Fulton Kurtz.

The only other issue presented is whether the value, or any part thereof, of the property transferred by the decedent under the three

written instruments set forth in the findings of fact, should be included in the gross estate of the decedent subject to the Federal estate tax. The respondent admits that none of the transfers was made in contemplation of death, but he contends that each of them should be included in the gross estate under section 302 (c) of the Revenue Act of 1924, as a transfer intended to take effect in possession or enjoyment after the death of William B. Kurtz, or under section 302 (d) of that act because the decedent reserved the right to amend, alter, or modify the trust in conjunction with the trustees and the beneficiaries. The petitioners contend that no part of the property in question is taxable as part of the decedent's estate. On this issue our decision is in favor of the petitioners. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *May* v. *Heiner*, 281 U. S. 238; *White* v. *Erskine*, 47 Fed. (2d) 1014; and *Morsman* v. *Burnet, Commissioner*, 282 U. S. 835.

*Judgment will be entered under Rule 50.*