ARIOCH W. ERICKSON AND WILLOUGHBY H. STUART, JR., EXECUTORS, ESTATE OF SUSAN M. STUART, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47550.　Promulgated August 16, 1932.

*Francis R. Hines, Esq.*, for the petitioners.
*R. F. Staubly, Esq.*, for the respondent.

**OPINION.**

VAN FOSSAN: The question we are called upon to solve is whether or not the value of the corpus of the trust described in the findings of fact should be included in the decedent's gross estate under the provisions of section 302 (c) of the Revenue Act of 1924. That section reads in part as follows:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. \* \* \*

It is stipulated that the conveyance of the property in trust does not constitute a gift in contemplation of death. The respondent

claims, however, that pursuant to the provisions of the trust deed the decedent's death effected a transfer of the corpus of the trust to her issue which was intended to take effect in possession or enjoyment at or after her death and that therefore pursuant to the provisions of the quoted section the corpus of the trust should be included in decedent's gross estate. We do not concur in that view.

By her trust deed which was executed and delivered on December 30, 1915, the decedent provided an annuity of $5,500 for her husband, which was to be paid out of the net income of the corpus of the trust. The trust deed further provided that the balance of the net income, if any, should be paid to the settlor, or, if she died before the termination of the trust, that the net balance of income, if any, should be paid in equal shares to her issue. The trust deed also provided that upon the death of the decedent's husband or upon the earlier termination of the trust the trustees should pay over and convey the trust property to the decedent if then living, or, if she should be deceased, to her issue equally *per stirpes* and not *per capita*.

The intention of the settlor in executing and delivering the trust deed was to secure to her husband a fixed annual income for his life for the consideration expressed in the deed. The provisions in respect to the payment of the net balance of income were only incidental to the settlor's main purpose. It is conceivable that in the course of the years succeeding 1915 there might have been no net balance of income after the payment of the husband's fixed annuity. Upon his death the course of succession to the corpus of the trust was definitely determined by the provisions of the trust deed and could not be controlled by any absolute power of recall reserved to the decedent. The power of recall provided in the third paragraph of the trust deed quoted in the findings of fact is so hedged about with conditions and limitations and is so dependent upon the action and approval of the trustees that it could not be said that the decedent could exercise it freely of her own will in any event. The property was not, therefore, under her absolute control and she made no attempt to exercise the limited control referred to in any way at any time before her death.

The possession and enjoyment of the trust property had passed from the decedent immediately upon her execution and delivery of the trust deed on December 30, 1915. At her death, which occurred before that of her husband, the possession and enjoyment of the corpus of the trust, as well as title thereto, remained in the trustees, and nothing passed from her to the living. Title to the trust property had been definitely fixed by the trust deed. *May* v. *Heiner*, 281 U. S. 238. Cf. *Wheeler, Exec.*, 20 B. T. A. 695. Possession and enjoyment of the corpus of the trust could not and did not, as a

matter of fact and law, pass to the decedent's issue until at or after the death of her husband.

In our opinion the facts of this proceeding bring it directly within the principles stated in *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, in which Mr. Justice Stone, in discussing the provisions of section 402 (c) of the Revenue Act of 1918, which are similar to those of section 302 (c) of the Revenue Act of 1924, said:

> In the light of the general purpose of the statute and the language of section 401 explicitly imposing the tax on net estates of decedents, we think it at least doubtful whether the trusts or interests in a trust intended to be reached by the phrase in section 402 (c), " to take effect in possession or enjoyment at or after his death ", include any others than those passing from the possession, enjoyment or control of the donor at his death and so taxable as transfers at death under section 401. That doubt must be resolved in favor of the taxpayer.

In accordance with the foregoing, it is our opinion that the corpus of the trust should not be included in decedent's gross estate.

*Judgment will be entered under Rule 50.*