*222 OPINION.
Steenhagen :
The petitioners omitted any value for the Broad Street or Franklin Street properties from the decedent’s gross estate shown on the estate tax return. The respondent determined that the value of such properties at the time of death was part of the statutory gross estate, and he argues that the inclusion is required by section 302(c) of the Revenue Act of 1926. This provides that the value of the gross estate shall include all property,' “ To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, * * * intended to take effect in possession or enjoyment at or after his death * *
The petitioner contends that no part of the properties was transferred by decedent to take effect in possession or enjoyment at or after decedent’s death, and furthermore that, since both transfers were made before the first estate tax was imposed (Revenue Act of 1916), an application to them of the Revenue Act of 1926 would be unconstitutionally retroactive.
We are of opinion that the petitioner’s contention that section 302(c) is inapplicable is correct. The Broad Street property was, according to this record, transferred in 1895 not by decedent, but by Minna Keppler. It does not appear by whom the consideration was paid, but even if it were assumed that decedent had paid it, and further that for this reason the trust might be attributed to *223 decedent, and further that this justified regarding the real prop-ery as the subject of a transfer by decedent, yet it could not be said that such transfer was one taking effect in possession or enjoyment at or after his death. It was complete in 1895, with the entire beneficial interest in Sallie during her life and in the children after her death. Nothing was, by the original transfer, to take effect at or after decedent’s death. Such death during Sallie’s life merely ended the possibility of his expectancy without enlarging or enhancing Sallie’s estate. This was unlike the first trusts considered in Union Guardian Trust Co., 26 B. T. A. 1321, relied upon by respondent, whereby the decedent by his original transfer reserved as much as he transferred, namely the right to retake if he survived. Here he kept nothing, but created the right to take upon his wife’s death. While her death before his was made an occasion for an effective transfer, his death had no such effect, but merely destroyed his own possibility of acquisition. May v. Heiner, 281 U. S. 238.
The Franklin Street property was transferred by decedent and his wife in 1911. It must also be held to be beyond the reach of section 302(c), for its effectiveness was- unrelated to decedent’s death. While.upon Sallie’s death before his, he would take, his own death left the possession and enjoyment unaffected. It was already in Sallie and there it continued, all by virtue of the original transfer.
If it could be said that section 302(c) were applicable, the question would then confront us whether the Constitution forbids such application, since the original transfers were made in 1895 and 1911 before the 1926 Act or any of its forerunners were enacted. This, however, we must refrain from considering, since the statute as we have construed it avoids constitutional difficulty.
The petitioner concedes that one-half the value of partnership office furniture is properly within decedent’s gross estate.

Judgment will loe entered under Rule 50.