*597 OPINION.
Van Fossan:
Section 302 of the Revenue Act of 1926 provides:
Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
*******
(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money’s worth. * * *
(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation *598 of his death, except in ease of a bona fide sale for an adequate and full consideration in money or money’s worth. * * *
The respondent contends that the value of the property constituting the corpus of the trusts involved in this proceeding should be included in the gross estate of the trustor for Federal estate tax purposes, pursuant to the above provisions. None of the trusts was created in contemplation of death.
The tax imposed by section 302 (c) above is an excise tax on the transfer of an estate by death. Nichols v. Goolidge, 274 U. S. 531; May v. Heiner, 281 U. S. 238; Lillian M. Wheeler, Executrix, 20 B. T. A. 695; Lucy Belle Dumham et al., Executors, 26 B. T. A. 286. Consequently, when a trustor divests himself fully, completely and irrevocably of all interest in the trust which might inure to his benefit, at his death he is possessed of no interest therein which is subject to taxation under the above statute. In Reineche v. Northern Trust Co., 278 U. S. 339, the Supreme Court of The United States said:
* * * In the light of the general purpose of the statute and the language of section 401 explicitly imposing the tax on net estates of decedents, we think it at least doubtful whether the trusts or interests in a trust intended to be reached by the phrase in section 402 (c) “ to take effect in possession or enjoyment at or after his death,” include any others than those passing from the possession, enjoyment, or control of the donor at his death and so taxable as transfers at death under section 401. That doubt must be resolved in favor of the taxpayer. * * *
In the Braganca, Miller and Stewart trusts Lispenard Stewart transferred to the trustees certain shares of stock of the Khinelander Real Estate Company. Such transfers were made for and during the natural life of each beneficiary and after her or his death the trustees were directed to transfer and pay over the corpus of the trust to the beneficiary’s lawful issue, and if none survived the beneficiary, to a designated remainderman; if such person were dead, then to his issue, etc. The trustor retained neither control over the property transferred nor power of any kind over the trustees, divesting himself likewise of the economic benefits and enjoyment of the trust property. See Reineche v. Northern Trust Go., supra. He retained no right of reversion or designation. The right to alter, amend or revoke the terms of the trust instrument was reserved, but such right was to be exercised only with the approval of any two of the trustees. The status of the possessor of the life interest and of the remainderman remained after the trustor’s death precisely as it had been before that event. The remainderman was to. acquire possession of and title to the trust corpus upon the death of the life tenant, not of the trustor. Cf. H. Seldon Taylor, Jr., Executor, 27 B. T. A. 220. The revocation *599 of the trust instrument by the trustor was an act not within his sole power to accomplish. The Heffernan trust varies somewhat in terms, but the same principles apply to it.
The respondent contends, however, that the trustor in the case at bar had the power to alter, amend or revoke the trust instruments in conjunction with the trustees and that, therefore, the corpus is taxable under the provisions of the above section 302 (d). He asserts that the trustees should not be regarded as “ adverse interests ” as contemplated by the opinion in Reinecke v. Northern Trust Co., supra, which states:
* * * Since the power to revoke or alter was dependent on the consent of (he one entitled to the beneficial, and consequently adverse, interest, the trust, for all practical purposes, had passed as completely from any control by decedent which might inure to his own benefit as if the gift had been absolute.
We can not concur in the respondent’s view. There is imposed upon the trustee the duty to manage and conserve the estate committed to him for the benefit of those whose interests must be protected and preserved. In the case before us the trustor transferred to the trustees the possession and title of the corpus unhampered by any restrictions or reservations whatever, with the single exception of the right to alter, amend or revoke “ with the approval of any two of the trustees ” in the three “ family ” trusts and with that of the Fulton Trust Company in the Heffernan trust. It is immaterial whether, at the death of the trustor, the owner of the life estate happened to be enjoying the use of the property or the remainderman was entitled to the corpus itself. The duty of the trustee remained the same — to carry out the terms of the trust instrument. Since the trustor had parted with the possession and all incidents of the ownership of the corpus, it may fairly be said that the trustee represented the beneficial interests primarily. In Erskine v. White, 43 Fed. (2d) 165, arising under the Revenue Act of 1926, the court said:
The principles on which the trustee would have acted in giving or withholding assent are not very certain, but it certainly owed duties to other parties interested in the trust besides the settlor, and it might well have declined to assent to proposed changes which it thought unfair to them or inspired by improper motives. It was not a mere rubber stamp; its judgment was required, and its assent might have been refused as well as given.
On appeal the United States Court of Appeals for the First Circuit affirmed the decision of the District Court, and in its opinion stated:
The government now contends in effect that by subdivision (d) [of section 302] Congress has undertaken to impose a new form of excise tax, viz., a tax on the power to alter or revoke before death a trust created by the grantor, whether the power be of a general or limited nature. We do not think Congress intended by the addition of subdivision (d) to add a new form of tax. It was *600 only “ to the extent of the interest ” of the decedent in the trust fund, and at his death, that subdivision (d) adds anything to the value of the gross estate. If the decedent had no beneficial interest in the trust fund at his death, under the construction of the Supreme Court in the above-cited cases, there was nothing transferred from him at death within the meaning of section 301, which imposes the tax.
* * * * * * *
In other words, where a grantor, either alone or in conjunction with anyone not a beneficiary under the trust, has retained “ the power to revest in himself title to any part of the trust,” * * * then the body of the trust at the death of the decedent may be included in tile value of the gross estate, but where the decedent has no such power except by the consent of an adverse party as one of the beneficiaries, or as in this instance of the trustee for the beneficiaries, the right of revocation is gone from the donor and also all beneficial interest for taxing purposes under section 301 of the act.
To hold that Congress under subdivision (d) intended under the guise of a tax on the transfer of property at death to impose a tax solely on a limited power of appointment under It, would be contrary, not only to the spirit of the act, but the express terms of section 301 * * * and so doubtful a construction that the contrary intent should be resolved in favor of the taxpayer. * * *.
In Estate of Irving Lee Stone, 26 B. T. A. 1; aff'd., 61 Fed. (2d) 1022, we had before us facts quite similar to those in the case under consideration. There the trustor reserved the power to modify the trust instrument only by the joint written agreement of himself and five of the seven named beneficiaries, one of whom was the trustee. We said that the trustee “ acted as such for himself and the remaining six beneficiaries, all of whose interests were adverse to that of the decedent.” See also Cover v. Burnet, 53 Fed. (2d) 915.
The respondent further contends that a potential beneficiary of a contingent interest does not become a cestui que trust until the use vests in him. We have recently considered the same question in relation to income. Bessie B. Jones, 27 B. T. A. 171. There we held that reservation of the power of revocation in conjunction with owners of contingent beneficial interests was sufficient to exclude the income arising from the corpus of the trust from taxation to the trustor. See Smith v. Commissioner, 59 Fed. (2d) 56. So here the trustees representing beneficiaries of potential or contingent interests are “ adverse ” within the term as employed in Beinecke v. Northern Trust Co., supra.
In view of the foregoing we are of the opinion that the value of the corpus of the four trusts should not have been included in the estate of Lispenard Stewart, deceased, for tax purposes.

Decision will he entered under Bule B0.