*Decision will be entered under Rule 50.*

FORREST RICHARDSON AND MORSE PALMER, EXECUTORS OF THE ESTATE OF EMMA R. MORSE, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44652. Promulgated April 6, 1933.

*Edgar M. Morsman, Esq.*, for the petitioners.
*H. D. Thomas, Esq.*, for the respondent.

## OPINION.

MATTHEWS: Although it is alleged in the petition that the respondent erred in including in the decedent's gross estate the shares of stock owned by her in two British Columbia corporations, which the respondent valued at $99,227.54, no evidence was introduced with respect to the value of this stock.

There remains for consideration the question whether the respondent erred in including in the decedent's gross estate the property transferred by her in trust on April 13, 1927. The pertinent section of the statute, section 302 (c) of the Revenue Act of 1926, is quoted in the margin.[1] The second provision of section 302 (c), which raises a

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession

conclusive presumption that transfers made within two years prior to the decedent's death were made in contemplation of death, has been held by the Supreme Court of the United States to be unconstitutional (*Heiner* v. *Donnan*, 285 U. S. 312). The respondent is relying upon the first provision, under which the value of transfers made at any time in contemplation of death or intended to take effect in possession or enjoyment at or after death, except by a bona fide sale, is required to be included in the decedent's gross estate.

We have carefully considered the evidence introduced in this proceeding and have reached the conclusion that the transfer in trust was not testamentary in character. The testimony of several witnesses indicates that the decedent's son, who lived at Vancouver, had been borrowing considerable sums of money from the decedent and that he was in very bad shape financially. The son was asking the decedent for additional funds and she did not wish to accommodate him further. The trust which we are considering herein was created at the suggestion of her attorney, whom she had consulted with reference to arranging her affairs so that she could make no additional loans to her son. The decedent was in excellent health on April 13, 1927, and although she died the following April there is nothing to indicate that she was thinking of her approaching decease at the time she executed the trust deed. By this instrument, which is quoted in our findings of fact, decedent transferred to trustees certain securities in trust, it being provided that the income therefrom should be paid to the decedent during her lifetime, and after her death to the unmarried daughter of the decedent so long as the daughter lived and remained single, the trust to terminate upon the death of the daughter or upon her marriage, with remainder over to the heirs of the decedent. It will be seen that the absolute disposition of the trust property was provided for in the trust instrument and only the income was reserved to the grantor for life and to her single daughter, if the daughter survived the grantor and did not marry. The transfer was beyond recall by the decedent, title to the property being definitely fixed by the trust deed. The interest therein which the decedent possessed immediately prior to her death was obliterated by that event. The transfer was not made in contemplation of death and was not intended to take effect in posses-

---

or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Where within two years prior to his death but after the enactment of this Act and without such a consideration the decedent has made a transfer or transfers, by trust or otherwise, of any of his property, or an interest therein, not admitted or shown to have been made in contemplation of or intended to take effect in possession or enjoyment at or after his death, and the value or aggregate value, at the time of such death, of the property or interest so transferred to any one person is in excess of $5,000, then, to the extent of such excess, such transfer or transfers shall be deemed and held to have been made in contemplation of death within the meaning of this title. * * *

sion or enjoyment at or after death, within the legal significance of those words. Under the authority of *May* v. *Heiner*, 281 U. S. 238, we hold that the corpus of the trust should not be included in the value of the gross estate of the decedent for purposes of estate tax under section 302 (c) of the Revenue Act of 1926. See also *Morsman* v. *Burnet*, 283 U. S. 783, reversing 44 Fed. (2d) 902, which reversed the decision of this Board reported at 14 B. T. A. 108.

The petitioners are entitled to credit the estate tax determined by the respondent with the inheritance taxes paid to the State of Nebraska in the sum of $304.45, such credit not to exceed 80 per cent of the amount determined under section 301 (a) of the Revenue Act of 1926.

*Judgment will be entered under Rule 50.*