St. Louis Union Trust Company, as Successor Trustee to Liberty Central Trust Company, as Sole Residuary Legatee and Distributee of the American Estate of William J. Orthwein, Deceased; Joined by Mercantile Commerce Bank & Trust Company, Successor Trustee to Mercantile Trust Company, of the Trust Created by Trust Indenture of William J. Orthwein, Dated January 1, 1920, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 47633. Promulgated May 16, 1933.

*Daniel N. Kirby, Esq.*, for the petitioners.
*Ralph F. Staubly, Esq.*, for the respondent.

OPINION.

SMITH: The first question for the determination of the Board is the propriety of including in the gross estate the value of the reversionary interest of the decedent in the trust estate. There is no contention on the part of the respondent that the value of this reversionary interest of $34,544.06 should be included in the gross estate upon the ground that the trust was created in contemplation of death. It is contended, however, that the amount should be included in the gross estate under section 302 of the Revenue Act of 1924, which, so far as pertinent, reads as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;

   \*      \*      \*      \*      \*      \*      \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent

within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of Part I of this title.

The trust indenture expressly declared the intention of the decedent grantor to make "an absolute and irrevocable gift and a settlement of the property hereinafter described, so that the grantor shall, during the life of his said daughter, have no further individual or beneficial interest therein." The grantor retained unto himself no power of revocation or alteration. The only power to end the trust during the life of the grantor rested in the trustee alone. The decedent could do nothing to alter the fact that he had parted irrevocably with the trust estate. The only possibility of his ever reacquiring an interest in the trust property depended upon the happening of certain contingencies which in fact never happened; viz., (1) a termination of the trust by the trustee during decedent's life; or (2) the death of his daughter, the life tenant, before his death plus the then existence of the trust.

His daughter survived him and the trust is still alive, so the contingencies upon which he might have reacquired the property never happened. At his death, his daughter still being alive, the decedent "had no further individual or beneficial interest" in the trust estate which would or could pass by his death.

The power of termination given to the trustee alone did not render the remainder subject to the tax. The decedent of his own volition had no power to terminate the trust and the power of the trustee gave him no control over the termination thereof. *White* v. *Erskine*, 47 Fed. (2d) 1014; *McCormick* v. *Burnet*, 283 U.S. 784; *Lillian M. Wheeler, Executrix*, 20 B.T.A. 695; *Colonial Trust Co. et al., Executors*, 22 B.T.A. 1377.

The provision of the trust instrument that upon the prior death of the daughter, the life tenant, the trust estate should revert to the grantor, the decedent herein, did not render the value of the reversionary interest a part of the decedent's gross estate. The situation here is parallel to that which obtained in *May* v. *Heiner*, 281 U.S. 238, in which the court said:

The transfer of October 1st, 1917, was not made in contemplation of death within the legal significance of those words. It was not testamentary in character and was beyond recall by the decedent. At the death of Mrs. May no interest in the property held under the trust deed passed from her to the living; title thereto had been definitely fixed by the trust deed. The interest therein which she possessed immediately prior to her death was obliterated by that event.

To the same effect is *Cyrus H. McCormick et al., Executors*, 13 B.T.A. 423; affd., *McCormick* v. *Burnet*, 283 U.S. 784; *Nanaline H.*

*Duke et al., Executors*, 23 B.T.A. 1104; affd., 62 Fed. (2d) 1057. Cf. *H. Seldon Taylor, Jr., et al., Executors*, 27 B.T.A. 220; *Elizabeth B. Wallace, Executrix*, 27 B.T.A. 902. The contention of the petitioners upon this point is sustained.

The second point for determination of the Board is the inclusion in the gross estate of the value of bonds, certificates for shares of stock, etc., physically located in the United States but belonging at the date of death of the decedent to a nonresident alien. The contention of the petitioners upon this point is not sustained. The decision of the Supreme Court in *Burnet* v. *Brooks*, 288 U.S. 378, is dispositive of this issue.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*