Estate of Harry A. Worcester, Deceased, The Central Trust Company, Executor, v. Commissioner.
Estate of Worcester v. Commissioner
Docket No. 108989.
United States Tax Court
1943 Tax Ct. Memo LEXIS 472; 1 T.C.M. (CCH) 527; T.C.M. (RIA) 43056; February 3, 1943
*472 Held the transfer in trust here in question was not made in contemplation of death nor was it intended to take effect in possession or enjoyment at or after death. May v. Heiner, 281 U.S. 238, 74 L. Ed. 826, 50 S. Ct. 286. Albert L. Russel, Esq., 603 Dixie Terminal Bldg., Cincinnati, O., and John H. Clippinger, Esq., for the petitioner. Melvin S. Huffaker, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: This proceeding is presently before us on reconsideration of the opinion of the United States Board of Tax Appeals, reported at . In that opinion two issues were considered. As to the first, it was held that a certain transfer was not made in contemplation of death. We affirm that conclusion. The second issue in the case was whether the trust in question constituted a transfer intended to take effect in possession or enjoyment at or after death. We held, following the reasoning of , that the transfer was intended to take effect in possession or enjoyment at or after death and that the property so involved was, therefore, includible in the taxable *473 estate. The facts fully appear in the previous report. It was conceded that the case presented a factual situation indistinguishable from . In the Hughes case the Board of Tax Appeals held that as a consequence of the holding of the Supreme Court in , May v. Heiner could no longer be followed and that , being deprived of the support of May v. Heiner had no remaining force. In this Court again considered the same problem and on more mature consideration reversed the holding in The consequence of this reversal is that in the present case it must be held that the transfer in trust was not intended to take effect in possession or enjoyment at or after death and, accordingly, the property so transferred is not includible in the taxable estate. : *474 Decision will be entered under Rule 50.