Estate of Jasper Bayne, Deceased, The Chase National Bank of the City of New York, Executor v. Commissioner.
Estate of Bayne v. Comm'r
Docket No. 4388. United States Tax Court
1945 Tax Ct. Memo LEXIS 312; 4 T.C.M. (CCH) 145; T.C.M. (RIA) 45050; February 3, 1945
*312 Thomas L. Halpin, Esq., 20 Exchange Pl., New York, N. Y., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: A deficiency in estate tax in the sum of $6,433.86 has been determined by the respondent. The error alleged is the inclusion in decedent's estate of the corpus of an irrevocable trust created by the latter in 1922. The facts were agreed to by the parties and their stipulation was filed with the Court at the time the case was heard in New York on January 15, 1945. At the conclusion of the hearing *313 the division announced its decision was for the petitioner. [The Facts] The facts as agreed to are as follows: Jasper Bayne died on August 9, 1941, a resident of Sands Point, Nassau County, New York, leaving a last will and testament which was duly admitted to probate in the Surrogate's Court of Nassau County, New York, on September 18, 1941. Letters testamentary under the will of Jasper Bayne, deceased, were duly granted to petitioner. The Chase National Bank of the City of New York, on September 18, 1941, and petitioner has at all times since acted and is now acting as executor of the decedent's last will and testament. On November 9, 1942, the executor filed a Federal estate tax return for the estate of the decedent with the Collector of Internal Revenue for the first district of New York. The return showed a net estate of $0.00 for the purpose of the basic estate tax imposed by section 810 of the Internal Revenue Code and a net estate of $0.00 for the purpose of the additional estate tax imposed by section 935 of the Internal Revenue Code. The return further showed no estate tax payable. On December 31, 1943, the respondent *314 sent a notice of deficiency by registered mail to The Chase National Bank of the City of New York, as executor of the last will and testament of Jasper Bayne, deceased. In the notice of deficiency the respondent determined that the aggregate value on the date of the decedent's death of the property transferred by the decedent to Mercantile National Bank in New York (which by merger and consolidation is now The Chase National Bank of the City of New York) under the trust agreement dated March 7, 1922, hereinafter referred to, was $87,492.05; that the value of the property so transferred by decedent in his lifetime is includible in the gross estate of decedent under section 811(c) of the Internal Revenue Code as a transfer taking effect in possession or enjoyment at or after death in view of the retention of income by the decedent and also by reason of the existence of a possibility of reverter by operation of law; and that there was a deficiency of $6,433.86 in Federal estate tax on the estate. The aggregate value at the date of decedent's death of the property so transferred in trust by decedent, in the sum of $87,492.05, is not in dispute. No part of the deficiency *315 of $6,433.86 in Federal estate tax has been paid. On March 7, 1922, the decedent and Mercantile National Bank in New York entered into a trust agreement dated the same day in which and by which the decedent transferred to the Mercantile National Bank in New York the property to be held in trust by the latter upon the terms and conditions set forth in the agreement. The property held by The Chase National Bank in the City of New York, as successor by merger and consolidation to Mercantile National Bank in New York, had an aggregate value of $87,492.05 on the date of decedent's death as determined by the respondent. The trust was in full force and effect until the date of decedent's death on which day it terminated by its terms. The decedent was born on September 10, 1887, and on March 7, 1922, the date of creation of the aforesaid trust, was 34 years of age, married, but had no children. On said date there were living the following brothers and a sister of the decedent and children of brothers and sister, to wit: "Donald Bayne, brother of decedent, born March 20, 1892. "Howard Bayne, brother of decedent, born December 8, 1878. "Emily Bossom, sister of decedent, born in April *316 1888. "Bruce Bossom and Clive Bossom, children of Emily Bossom, the sister of decedent, who were then about eleven and four years old, respectively. "Elizabeth Bayne (now Elizabeth Bayne Wattles) and Daphne Bayne (now Daphne Bayne Hillman), children of Howard Bayne, brother of the decedent, who were born October 7, 1911 and December 2, 1916, respectively." On August 9, 1941, the date of decedent's death and the date of termination of the trust, there were living the following children of the decedent: "Nanette Bayne (now Nanette Bayne Stevenson) who was born September 10, 1922, and Ellen Bayne, who was born October 16, 1934." In addition to the aforenamed children of decedent there were living on August 9, 1941, the following named brothers of decedent and issue of brothers and of Emily Bossom, sister of decedent, who had been killed in an airplane accident with her son, Bruce Bossom, on July 29, 1932: "Donald Bayne and Howard Bayne, brothers of decedent. "Bruce Bayne, born September 14, 1926, and Bradford Bayne, born October 19, 1933, children of Donald Bayne, brother of decedent. "Elizabeth Bayne Wattles and Daphne Bayne Hillman, children of Howard Bayne, brother *317 of decedent. "Clive Bossom, then about 24 years of age, and Doric Bossom, then about 18 years of age, children of Emily Bossom, deceased sister of decedent. "Alexander Benjamin Bull, then about one year old, a child by a former marriage of Daphne Bayne Hillman, daughter of Howard Bayne, brother of decedent. "Gurdon Bayne Wattles, a child of Elizabeth Bayne Wattles, daughter of Howard Bayne, brother of decedent." The transfer in trust made by decedent on March 7, 1922 was not made in contemplation of death within the meaning of section 811 (c) of the Internal Revenue Code. If it should be determined in this proceeding that the decedent, at the time of his death, had any interest in the aforesaid trust or in the corpus thereof which is includible in his gross estate, other than the total value of the corpus of the trust, as contended by respondent, either party hereto shall have the right to introduce evidence relative to the value of such interest, including actuarial computations either in connection with recomputation of the tax liability under Rule 50 of this Court or at such other time as the Court may fix. The trust instrument which was made a *318 part of the stipulation of the parties contains the following pertinent provisions: To hold the same in trust for the benefit of the Grantor during his life; to receive, hold, manage, invest and reinvest the same, and any securities or other property which may be added thereto in accordance with the provisions of this instrument, and the proceeds thereof or of any securities in which such proceeds may from time to time be invested or reinvested; to collect and receive the rents, income, dividends, interest and profits (hereinafter sometimes termed the "gross income") thereof, and of the proceeds and of any securities in which such proceeds may from time to time be invested or reinvested, and to apply the net rents, income, dividends, interest and profits (hereinafter sometimes termed the "income"), to the use of the Grantor during his life and upon his death to divide the principal of the said trust fund into as many equal parts as there shall be children of the Grantor him surviving and children who shall have died before him leaving issue him surviving and to dispose of the said parts, as follows: (1) To convey, transfer and pay over one of such parts to the then surviving issue *319 of each child of the Grantor who shall have previously died, such issue to take in equal shares per stirpes. (2) To convey, transfer and pay over one of such parts to each child of the Grantor, then surviving, who shall have been born subsequent to the day of the date of this instrument. (3) To hold one of such parts in trust for each child of the Grantor, then surviving, who shall have been born prior to the day of the date of this instrument; to manage, invest and reinvest the same, and the proceeds thereof, or of any securities in which such proceeds may from time to time be invested or reinvested, and to collect and receive the rents, income, dividends, interest and profits thereof and to apply the net rents, income, dividends, interest and profits to the use of the child for whom such part is held in trust until he or she arrives at the age of 40 years and thereupon to convey, transfer and pay over to him or her the principal of the said part. In the event of the death of said child before attaining the age of forty years, the Trustee is directed to convey, transfer and pay over the principal of the said part to his or her issue then surviving, in equal shares per stirpes, *320 or, in default of such issue, to the then surviving issue of the Grantor, in equal shares per stirpes, or, if there be no issue of the Grantor then surviving, in equal parts to the then surviving brothers and sister of the Grantor and the then surviving issue of any brother or sister who shall have previously died, such issue to take in equal shares per stirpes the part which such deceased brother or sister would have been entitled to receive had he or she been then living. Should the Grantor die without issue him surviving, then, upon his death, the Trustee shall convey, transfer and pay over the principal of the said trust fund in equal parts to the brothers and sister of the Grantor him surviving and the issue him surviving of any brother or sister who shall have died before him, such issue to take in equal shares per stirpes the part which such deceased brother or sister would have been entitled to receive had he or she been then living. We have here a case on all fours with May v. Heiner, 281 U.S. 238, and Hassett v. Welch, 303 U.S. 303, and it was on the authority of those cases that decision for the petitioner was rendered from the bench. The respondent *321 does not question that this is true unless Helvering v. Hallock, 309 U.S. 106, calls for a different answer, as suggested in a recent decision of the Court of Claims in Central Hanover Bank and Trust Co., Trustee, v. United States, 57 Fed. Supp. 497. We have heretofore expressed the view in Estate of Edward E. Bradley, 1 T.C. 518, affd. 140 Fed. (2d) 87, that we should adhere to May v. Heiner, supra, until there is no doubt that it is no longer authority. Decision will be entered for the petitioner.