OPINION. Johnson, Judge: These proceedings were instituted, tried and submitted prior to the decisions of the United States Supreme Court in Commissioner v. Estate of Church, 335 U. S. 632, and Estate of Spiegel v. Commissioner, 335 U. S. 701, both rendered January 17, 1949. As a consequence, the parties’ arguments reflect assumptions and approaches no longer tenable. Respondent defended his inclusion of the trust property in gross estate under section 811 (c), Internal Revenue Code, primarily by the contentions that a beneficiary other than the settlor himself would have to survive the settlor to obtain possession or enjoyment of the transferred interest; that, as settlor, decedent had a possibility of reverter and could appoint by will other beneficiaries if those named should not survive and, in any event, could apply one-half of a beneficiary child’s prospective share to the child’s maintenance by joint action with the corporate trustee. Respondent also argued that decedent retained until death a power to “alter, amend, or revoke” the trust, within the meaning of section 811 (d) (2), by virtue of the last mentioned provision. He adverted to the settlor’s retention of trust income for life as having “an important bearing in determining whether the said transfer in trust was ‘intended to take effect in possession or enjoyment at or after his death,’ ” but admitted that under Hassett v. Welch, 303 U. S. 303, that provision alone was not determinative. Petitioners argued that the possibility of reverter inherent in the settlor’s power of appointment in case no beneficiary should survive was cut off when the elder son reached 21 years of age, and they introduced the expert testimony of a member of the English Bar to this effect under the theory that the trust was subject to the law of England. They argued, further, that decedent’s power, in conjunction with the corporate trustee, to pay corpus to a child was limited by a definite external standard, i. e., the child’s needs, and hence did not constitute a power to alter, amend, or revoke. We do not deem it now necessary to consider these several contentions, since the Supreme Court, in Commissioner v. Estate of Church, supra, has expressly held that a trust agreement by which the settlor: * * * reserved a life income in the trust property, was intended to take effect in possession or enjoyment at the settlor’s death and that the Commissioner therefore properly included the value of its corpus in the estate. That decision, which expressly overruled May v. Heiner, 281 U. S. 238, Hassett v. Welch, supra, and numerous other decisions, is here conclusive of the issue in respondent’s favor, since the decedent settlor directed that the trust income be paid to him for life. We accordingly sustain the inclusion of the trust property in gross estate in the amount stipulated. The petitioner bank assigns error in the determination against it of transferee liability for the deficiency in estate tax of the estate, but no reference to this assignment is made in its briefs. By section 827 (b), Internal Revenue Code, if the estate tax is not paid when due, the: * * * transferee, trustee * * * who * * * has on the date of the decedent’s death, property included in the gross estate under section 811 (b), (c), (d), (e), (f) or (g), to the extent of the value, at the time of the decedent’s death, of such property, shall be personally liable for such tax. It is stipulated that the estate was insolvent and that the transferred assets in the trustee’s possession had a value of $69,620 at the time of decedent’s death. We accordingly sustain the determined transferee liability for an amount not in excess of such value. Other issues were settled by stipulation. Decisions will be entered under Rule 50.