THE FIRST NATIONAL BANK OF BIRMINGHAM, ET AL., EXECUTORS UNDER THE WILL OF HAROLD R. SANSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85192. Promulgated October 15, 1937.

*J. H. Cabaniss, Esq.*, for the petitioners.
*E. G. Smith, Esq.*, for the respondent.

#### OPINION.

MURDOCK: The Commissioner determined a deficiency of $4,840.52 in estate tax. He included in the gross estate the corpus of a trust

created on April 16, 1932. The only issue is whether or not the corpus of the trust was properly included under that part of section 302 (c) (1) of the Revenue Act of 1926, as amended by joint resolution approved on March 3, 1931, which provides that the gross estate shall include any interest in property of which the decedent has at any time made a transfer by trust under which the transferor has retained for his life or any period not ending before his death "the possession or enjoyment of, or the income from, the property." The facts have been stipulated.

The decedent created a trust on April 16, 1932, and transferred to it certain property. The trust was irrevocable and was not subject to change. The property transferred consisted of life insurance policies on the decedents' life and shares of stock. The insurance policies were completely and irrevocably assigned to the trust. The premiums on the insurance policies during the life of the donor were to be paid from the income of the trust or from corpus, if necessary. Excess income was to be paid to the donor's wife during her life and thereafter to the donor's children. The corpus was to go to the children or persons named by or descended from them. The agreement was in full force at the decedent's death. The Commissioner included in the gross estate the value of the shares of stock in the trust on the ground that "the decedent indirectly retained for his lifetime the use of the income on the securities transferred." The trust received dividends on the shares from April 16, 1932, until December 30, 1933, the date of the decedent's death, in the amount of $3,469.44 and paid premiums during that period in the total amount of $2,195.49.

The decedent did not have possession of the securities in question after the transfer of April 16, 1932. Nor did he retain the enjoyment of those securities or the income from them, unless it be considered that he retained the enjoyment or the income through the requirement that the trust be used to pay the premiums on the insurance policies. The Commissioner has made no such contention. Indeed he has made no argument in support of his determination. The policies were also assigned to the trust and the proceeds were retained by the trust. The Commissioner did not include the policies or the proceeds in the gross estate. The decedent did not retain for himself the income from the stock belonging to the trust. The use of the income directly benefited the trust which owned the policies and the proceeds of them. Cf. *Ernst R. Behrend*, 23 B. T. A. 1037. Under such circumstances the enjoyment passed to others at the date of the transfer. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Coolidge* v. *Long*, 282 U. S. 582. Cf. *May* v. *Heiner*, 281 U. S. 238. If Congress intended that payment of premiums on life in-

surance policies on the life of the decedent but owned by a trust should subject the corpus of the trust to estate tax as a part of the decedent's gross estate, it would have been more specific in the wording of the statute. Cf. sec. 219 (h), Revenue Act of 1924; sec. 167 (a) (3), Revenue Act of 1932; Gift Tax 1932. *Gould* v. *Gould*, 245 U. S. 151; *Miller* v. *Nut Margarine Co.*, 284 U. S. 498.

Reviewed by the Board.

*Decision will be entered for the petitioners.*