LOUISE PEPPER McCLUNG, ADMINISTRATRIX OF ESTATE OF GEORGIA ANNA PEPPER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89903.   Promulgated March 30, 1939.

*C. W. Tillett, Esq.,* for the petitioner.
*R. N. McMillan, Esq.,* for the respondent.

#### OPINION.

HILL: The petitioner is executrix of the estate of Georgia Anna Pepper and brings this action to review respondent's determination of an estate tax deficiency against that estate in the amount of $16,120.10. The issues are whether decedent during her lifetime transferred certain real estate in contemplation of death or intended to take effect in possession or enjoyment at or after her death, or, if not so transferred, whether the transfer was void and ineffective to pass title because of noncompliance with state registration laws.

The decedent, Georgia Anna Pepper, a resident of Winston-Salem, North Carolina, died September 17, 1935, at the age of 71 years. She was survived by a husband, Thomas R. Pepper, two sons, two daughters, and a number of grandchildren. On February 23, 1924, the decedent owned in fee simple an improved city business block in Winston-Salem, North Carolina, which title on that date she irrevocably conveyed to H. L. Taylor as trustee, upon certain uses and trusts set out in the trust deed. In addition to vesting in the trustee full powers of control and management of the trust estate, the trust instrument provided that the trustee should pay the net income of the trust to the grantor, Georgia Anna Pepper, for the term of her natural life, and upon her death to her children in certain fixed minimum amounts, and further additional sums as might best subserve their welfare, subject to the conditions:

* * * that in no event shall any such rents and profits coming into the hands of said trustee be liable for or charged with any debt or obligation of

either of said children, and in the event that either of said children shall suffer any assignment, lien, judgment, attachment or legal process whereby a possibility might arise of divesting any of said rents and profits from the sole and separate use of said beneficiaries, in any such event, said trustee may in his discretion terminate the payment to any such child of any sum in excess of said clear annual sum of Five Hundred Dollars, for such period of time as he may elect * * *.

The trust deed provided for continuation of distribution of the trust income, after the manner therein laid down, among decedent's children and grandchildren or their survivors during the life of the survivor of her children. Upon the death of the survivor of decedent's children, the trust was to terminate and the lands to vest in fee simple in the issue of the children of said Georgia A. Pepper living at the time of the death of such survivor of children of Georgia A. Pepper.

The trustee accepted the trust and ever since execution of the deed has been engaged in carrying out its terms. Although the trust deed was delivered to the trustee on the date of its execution, it was not filed for record until June 14, 1926. On that date the deed was recorded in the office of the register of deeds for Forsyth County, North Carolina.

The respondent has held that the aforesaid conveyance was executed by the decedent in contemplation of death or to take effect in possession or enjoyment at or after her death, within contemplation of section 302 (c) of the Revenue Act of 1924. He also contends that under the laws of North Carolina the deed is void because not filed for record within two years after its execution. Respondent, therefore, included the value of the trust estate to the amount of $125,000 in the taxable assets of decedent's estate. This value is not disputed by the petitioner.

The respondent relies upon the provision of section 302, *supra*, which reads as follows:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

* * * * * *

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. * * *

We think the respondent erred in his application of the law to the facts at bar. It is obvious from the record that considerations having to do with life, and not death, dominated the mind of the decedent in the transfer here involved. On this question the evidence is all one way and undisputed. Of first prominence is the fact that the

deed was executed more than eleven years before decedent's death and at a time when she was in good mental condition and physical health. This condition of decedent's mental and physical health is vouched for in the testimony of all witnesses, including that of the family physician. On the other hand, the record clearly establishes the dominant motive for the transfer in question. That motive was generated by decedent's deep concern for her property and determination to save it for herself and children from the hazards of her husband's speculative ventures. The decedent had suffered many losses through financial assistance given to her husband in helping him out of bad business transactions. The husband was known as easy prey for his friends and was continually involved in transactions which resulted in loss of his investment, and often left him in debt. As a result of these disastrous business adventures decedent's husband was persistent in his demands that she mortgage her property to help him out and bolster up his credit. The decedent found it more and more difficult to refuse financial aid to her husband, and was constantly giving him money and endorsing his notes. So far she had stood out against mortgaging her property, except to the extent of $6,400, to help him, but feared that she might ultimately be induced to yield. She was compelled to mortgage the property for $6,400 for her husband's use and benefit to induce him to join in executing the trust deed.

Decedent desired the income for herself during her lifetime, and also earnestly desired to preserve a sufficient amount of her property to guarantee the education and support of her grandchildren. These considerations dominated decedent in making this transfer. They formed the impelling motive which caused her to execute the trust deed. Since she was prompted by concerns and matters of life and the living in executing the trust deed, it follows that respondent's finding that the transfer was made in contemplation of death was erroneous and can not be sustained. *Wells* v. *United States*, 283 U. S. 102; *Colorado National Bank* v. *Commissioner*, 95 Fed. (2d) 160; *Off* v. *United States*, 35 Fed. (2d) 222; *Smart* v. *United States*, 21 Fed. (2d) 188; *Fidelity-Philadelphia Trust Co., Executor*, 17 B. T. A. 910; *John K. Broderick, Executor*, 38 B. T. A. 1421.

On the further question whether, notwithstanding the purpose of its execution, the transfer here is testamentary in character, as being "intended to take effect in possession or enjoyment at or after" death, we find in favor of the petitioner. The decedent reserved no powers to revoke or change any terms of the trust, and reserved no reversionary interest, contingent or otherwise. Therefore, the property conveyed in the trust did not pass at settlor's death, but at the date of the execution and delivery of the deed of trust. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *May* v. *Heiner*, 281 U. S. 238; *H. Seldon Taylor, Jr.*,

*et al., Executors,* 27 B. T. A. 220; *Thomas C. Boswell et al., Executors,* 37 B. T. A. 970.

The remaining issue concerns the validity of the trust deed as affected by its recording on June 14, 1926, more than two years after its execution. On February 23, 1924, when the deed was executed, the laws of North Carolina (sec. 3315, Consolidated Statutes) required all such deeds to be registered within two years after making, in order to be valid. On August 20, 1924, the registration law was amended so as to extend the time for recording of like deeds until September 1, 1926. Inasmuch as the two-year period after execution of the deed in question had not expired on August 20, 1924, when the time for registration was enlarged by amendment, and the deed was registered within the period as extended, we hold the registration was timely, and therefore legally valid and effective to transfer title as of the date of the execution of the deed. *Booth* v. *Hairston,* 193 N. C. 278; 136 S. E. 879.

*Decision of no deficiency will be entered.*