Estate of Alice Maud Allen Lombard, Alice Lorna Atwater Allen and Thomas Allen Lombard, Administrators, c.t.a. v. Commissioner.
Estate of Lombard v. Commissioner
Docket No. 1217.
United States Tax Court
1944 Tax Ct. Memo LEXIS 213; 3 T.C.M. (CCH) 539; T.C.M. (RIA) 44197; June 7, 1944
*213 John A. Blake, Esq., 60 E. 42nd St., New York, N. Y., for the petitioners. Walt Mandry, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent has determined a deficiency in estate tax in the amount of $70,675.28. The sole issue presented is whether the respondent erred in his determination by reason of including in decedent's gross estate the value of a trust created by decedent on February 17, 1928 in reliance upon section 811 (c) of the Internal Revenue Code. [The Facts] On that date decedent made a transfer of certain securities to a corporate trustee under a trust instrument which provided that the income from the trust should be paid to the settlordecedent during her life and that after her death the trustee was to divide the principal of the trust into seven parts the income from which was to be paid to her seven children. When each child became 45 years old, the principal allocated as his share was to be paid over to such child free of trust. If a child should die before attaining the age of 45, his share was to be paid over to his issue and in default of issue, to decedent's other children and the issue of deceased children. *214 At the time of the creation of the trust decedent had seven children and five grandchildren, and at the time of her death she had six children, ten grandchildren and one great-grandchild. The transfer to the trust of February 17, 1928, was not in contemplation of death. The value of the corpus of the trust as of one year after decedent's death was $361,219.69. We incorporate herein by reference the stipulation of facts entered into by the parties. Respondent on brief makes two contentions: (1) That, though remote, decedent had by law a reversionary interest under the trust conditioned upon her outliving all of her children and their issue, and therefore, under the doctrine of Helvering v. Hallock, 309 U.S. 106, the value of the trust corpus was includible in decedent's gross estate; and (2) that the case of May v. Heiner, 281 U.S. 238 was, in effect, overruled by the Hallock case and therefore the value of the trust corpus was includible in decedent's estate as a transfer of property the income from which has been retained by the decedent for life. On the first issue we decide against the respondent on the authority *215 of Commissioner v. Kellogg, 119 Fed. (2d) 54; Estate of Lester Hofheimer, 2 T.C. 773; Estate of Frances Biddle, 3 T.C. 832. On the second issue we decide against respondent on the authority of Helvering v. Proctor, 140 Fed. (2d) 87. Since there are other adjustments involved in respondent's determination of deficiency not here in issue, and since the parties have stipulated the right of petitioner to show additional credits for state estate taxes and to claim additional deductions for attorneys' fees and costs of administration, Decision will be entered under Rule 50.