ESTATE OF MARY V. COCHRAN, DECEASED, ELLA COCHRAN SLUDER AND ST. LOUIS UNION TRUST COMPANY, A CORPORATION, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11568.    Promulgated August 28, 1947.

*Harold C. Hanke, Esq.*, for the petititoners.
*George E. Gibson, Esq.*, for the respondent.

OPINION.

LeMire, *Judge*: Our sole question here is whether the value of the trust corpus is includible in the decedent's gross estate under section 811 (c), Internal Revenue Code, as a transfer intended to take effect in possession or enjoyment at or after death. Since the trust was created prior to the joint resolution of Congress of March 3, 1931, it was not affected by the reservation of the life estate in the grantor, and the respondent so concedes. *May* v. *Heiner*, 281 U. S. 238; *Hassett* v. *Welch*, 303 U. S. 303. The respondent further concedes that the transfer in trust was not made in contemplation of death within the meaning of the statute.

The basis for the respondent's contention that the transfer was intended to take effect in enjoyment or possession at or after death is found in the provision in the trust agreement for the invasion of the principal for the grantor's benefit during her lifetime, for her reasonable care and comfort, or because of any illness or emergency affecting her. The respondent relies upon *Helvering* v. *Hallock*, 309 U. S. 106, and the long line of cases which have followed that decision, including *Blunt* v. *Kelly*, 131 Fed. (2d) 632 (C. C. A., 3d Cir.); *Estate of Margaret P. Gallois*, 4 T. C. 840; *Estate of Ida Rossenwasser*, 5 T. C. 1043; *Malcolm D. Champlin, Administrator*, 6 T. C. 280; *Estate of John J. Toeller*, 6 T. C. 832; and *Estate of Lelia E. Coulter*, 7 T. C. 1280.

It is now settled law, and it was not challenged here, that the rule of the cases cited above requires the inclusion in the gross estate of the value of trust property which the grantor has reserved the use of for life, even though such use is restricted to his needs for care and support, or some unforeseen emergency, as in the instant case. The petitioners' principal argument against the rule here is that under the decedent's will, and under the law of the State of Missouri, the trustees had the exclusive and uncontrolled right to invade the trust corpus, independently of any wishes of the grantor or any control by the courts, and that such a right does not require the inclusion of the trust property in the grantor's estate. On this point the petitioners rely upon *Commissioner* v. *Irving Trust Co.*, 147 Fed. (2d) 946 (C. C. A., 2d Cir.).

Even if the petitioners are right in their contention that the power to

invade the corpus of a trust does not require its inclusion in the gross estate if the exercise of the power is at the absolute and uncontrolled discretion of the trustees (see *Estate of John J. Toeller, supra,* and *Estate of Milton J. Budlong,* 7 T. C. 756), we can not agree with the construction which the petitioners have placed on the decedent's will or their statement of the law of the State of Missouri. The petitioners cite *Lyter* v. *Vestal,* 196 S. W. (2d) 769, as embodying a correct statement of the law of the State of Missouri. That case involved a testamentary trust. The testator's wife and daughter, the life tenants, filed a suit to compel the trustees to distribute a portion of the trust corpus to them to pay income tax, medical and hospital bills, general household expenses, and other necessary expenses for maintenance, comfort and general welfare. The will provided that:

The Trustees in the exercise of their discretion, and upon the written request of my wife, in the event of any emergency, which in the discretion of the Trustees exists, shall have the right to withdraw installments of principal and pay them over to my said wife from time to time for the maintenance, comfort, and general welfare of herself and any minor child or children of mine, and for the education of any of my children under the age of Twenty-one (21) years. The necessity and propriety of such withdrawals, and the amount thereof shall be determined by the Trustees and their determination shall be final. After the death of my said wife such withdrawals may be made, in like manner, upon the written request of my daughter, Martha.

The court found, among other facts, that there was no "emergency" and dismissed the suit. The Supreme Court of Missouri affirmed the trial court, saying:

\* \* \* As we see it, the language of the paragraph clearly requires that there must exist, in the discretion or judgment of the trustees, an emergency; in such emergency the trustees, in the exercise of their discretion and upon the written request of the wife, have the right to withdraw installments of principal for the maintenance, comfort and general welfare of the widow. The exercise of the power is, in a sense, conditional upon the event of any emergency, which in the discretion of the trustees exists. \* \* \*

\* \* \* There is a measure or standard within the language of the will by which it might ordinarily be determined whether or not the trustees had made an unreasonable encroachment, namely, "the maintenance, comfort and general welfare" of the widow. Considering this standard apart from the other language of the will, the acts of the trustees beyond the bounds of a reasonable judgment would be controlled by the courts. Vol. II, Scott on Trusts, § 187.2, pp. 992, 993; and examine the case of *First National Bank of Birmingham* v. *Snead,* 5 Cir., 24 F. 2d 186, cited by Board of Curators. However, as stated, the will provided the trustees' determination of the necessity and propriety of withdrawals and the amount thereof *"shall be final."* So it seems it had been left to the trustees' discretion whether or not the power will be exercised, and the power is absolutely discretionary in its exercise. Dr. Lyter did not submit the review of the reasonableness of the trustees' exercise of discretion to the courts. *Haydel* v. *Hurck,* 72 Mo. 253; *Ames* v. *Scudder,* 11 Mo. App. 168, affirmed, and opinion of the St. Louis Court of Appeals adopted by this court, 83 Mo. 189. But it will not be our

construction that the trustees in exercising the power are not otherwise subject to control by the courts. Such absolute discretionary power is ordinarily construed as merely dispensing with the standard of reasonableness. Vol. I, Restatement of the Law of Trusts, § 187, Comment j. pp. 488, 489. In the exercise of the power to encroach upon the corpus, the trustees "function not in the exercise of a mere power, but in the discharge of a trust." *Plummer* v. *Roberts*, 315 Mo. 627, at page 659, 287 S. W. 316, at page 327; Comment j. § 187, Restatement of the Law of Trusts, *supra*.

The language of the court clearly indicates that where there is a measure or standard in the will or trust agreement under which the trustees are to act, the acts of the trustees are subject to control by the courts, in the absence of any clear provision to the contrary. In the instant case we think there was such a standard provided by the trust agreement. There is also absent the specific provision conferring upon the trustees absolute discretion with respect to the distributions.

The discretionary powers conferred on the trustees here are no broader than those conferred upon the trustees in a number of cited cases, such as *Blunt* v. *Kelly*, *supra*; *Estate of Ida Rossenwasser*, *supra*; *Malcolm D. Champlin*, *Administrator*, *supra*; and *Estate of John J. Toeller*, *supra*. For instance, in the last named case the provision for encroachment upon the principal was:

* * * Should misfortune or sickness cause the expenses of Trustor to increase so that in the judgment of the Trustee the net income so payable to Trustor is not sufficient to meet the living expenses of Trustor, then, and in such event said Trustee is authorized to pay in addition to the income from said Trust Estate such portions of the principal of said Trust Estate as may be necessary under the circumstances. Said Trustee is given the sole right to determine when payments from the principal sum shall be made and the amounts of said payments.

In the instant case the provision was:

If at any time during the continuance of the trust the Grantor should be in need of funds in excess of the net income from the trust estate in order to provide for her reasonable care and comfort, or because of illness, infirmity or any other emergency affecting her, then the Trustees may in their discretion encroach upon the principal of the trust estate from time to time for such purposes and in such amounts as they may deem necessary and proper.

It would serve no useful purpose to repeat here what we said in those cases. They are ample authority, we think, for the position taken by the respondent in the instant case, that the transfer in trust was intended to take effect in possession or enjoyment at or after death.

The petitioners further contend that in any event the amount includible in the gross estate should not exceed the value of the probable distributions of principal at the date of the grantor's death, based on her life expectancy of 1.28 years and an estimate made by a trust officer

of the St. Louis Union Trust Co. of the maximum amount ($2,500) that might be expected to be paid to the grantor out of the corpus of the trust during such life expectancy. *Bankers Trust Co.* v. *Higgins*, 136 Fed. (2d) 477 (C. C. A., 2d Cir.), is relied upon in this contention.

As we have heretofore pointed out, the incidence of the estate tax is upon the entire amount of property subject to the right of invasion, and not upon the actual or probable amount of the wihdrawals. See *Estate of John J. Toeller, supra.* In *Fidelity Co.* v. *Rothensies*, 324 U. S. 108, the Court said that:

* * * The value of the property subject to the contingency, rather than the actuarial or theoretical value of the possibility of the occurrence of the contingency, is the measure of the tax. That value is demonstrated by the consequences that would flow in this instance from the decedent's survival of her daughters and any of the latter's surviving descendants.

See also *Commissioner* v. *Estate of Field*, 324 U. S. 113.

In the instant case there was no restriction upon the amounts of corpus that the trustees might distribute to the grantor, after the conditions justifying the withdrawals had been found to exist. Not until the grantor's death could it be determined within a reasonable certainty just how much of the trust estate would pass to the remainder beneficiaries.

If, in this respect, our decision can be said to be at variance with *Bankers Trust Co.* v. *Higgins, supra,* we feel, nevertheless, that the authorities cited above require this result.

*Decision will be entered under Rule 50.*