ESTATE OF VIRGINIA H. WEST, ST. LOUIS UNION TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8885. Promulgated October 22, 1947.

*T. Hartley Pollock, Esq.*, for the petitioner.
*George E. Gibson, Esq.*, for the respondent.

738

**OPINION.**

LeMire, *Judge*: The question is whether the corpus of the trust created by the decedent is includible in her gross estate as a transfer

"intended to take effect in possession or enjoyment at or after his death," under section 811 (c) of the Internal Revenue Code.

Section 811 (c) is derived from section 302 (c) of the Revenue Act of 1926, as amended by the Joint Resolution of Congress on March 3, 1931. The respondent relies solely upon that part of section 811 (c) which appeared in the original statute.

The respondent contends that the decedent possessed (1) a possibility of reverter by operation of law and (2) the right to have the trust corpus invaded for her benefit, either of which postponed the complete and ultimate transfer of the trust corpus until or after the decedent's death. Since the trust was created prior to 1931, the respondent agrees that the problem is not affected by the reservation of a life estate in the decedent. *Hassett* v. *Welch*, 303 U. S. 303.

We first consider whether the trust provided the right to have the corpus thereof invaded for the benefit of the decedent. The applicable principles are stated in *Commissioner* v. *Irving Trust Co.*, 147 Fed. (2d) 946, as follows:

In a case where the return of any part of the corpus to the settlor will depend solely upon the discretion of the trustee the true test as to its inclusion in the taxable estate of the settlor is whether the trustee is free to exercise his untrammelled discretion, or whether the exercise of his discretion is governed by some external standard which a court may apply in compelling compliance with the conditions of the trust instrument. If the former, the corpus is not subject to taxation as a part of the settlor's estate. In the case at bar, the discretion of the trustee was absolute, and no court could compel its exercise.

The present trust is distinguishable from the trust in that case. Here the trust provided external standards. The trustees were authorized to encroach upon the corpus for the decedent's "proper maintenance and support" and for "any emergency which may arise affecting her, occasioned by sickness, accident, ill health, affliction, misfortune, or otherwise." These standards imposed a limit upon the trustees' discretion to act "as they may consider reasonable and necessary." We think the trust provided an enforceable right to have the corpus thereof invaded for the decedent's benefit. *Blunt* v. *Kelly*, 131 Fed. (2d) 632; *Estate of Mary V. Cochran*, 9 T. C. 242; *Estate of Lelia E. Coulter*, 7 T. C. 1280; *Estate of John J. Toeller*, 6 T. C. 832, and cases cited therein.

The petitioner contends that, if the decedent had an enforceable right when the trust was created, it was "destroyed" by her mental incompetency prior to her death. In support of that contention the petitioner argues, first, that the decedent could not enforce her right as a beneficiary; second, that the corporate trustee could not exercise the power of invasion without the consent of the decedent as a co-trustee. The facts show that the decedent was unable to act in either capacity.

We think the first argument is wholly without merit. The decedent's right as a beneficiary could have been exercised on her behalf by a guardian. Section 451 of the Missouri Revised Statutes Annotated provides for the appointment of a guardian of the person and estate of anyone who is incapable of managing his or her affairs. Cf. *Hurd* v. *Commissioner*, 160 Fed. (2d) 610, affirming 6 T. C. 819. In that case we held that the corpus of a trust was includible in the gross estate under section 811 (d) (2) because the decedent had the power as a trustee to change the enjoyment of the trust or to terminate it, notwithstanding the fact that he became mentally incompetent prior to his death. In affirming our decision the Circuit Court said, in part:

\* \* \* The statute is not concerned with the *manner* in which the power is exercised, but rather with the existence of the power. The decedent may have been limited in his method by his incapacity but it is not open to question that the power existed in his behalf, either by the trust instrument itself, or by the general law of Massachusetts; and he could have been removed. Although not directly in point, the case of *City Bank Farmers Trust Co.* v. *McGowan*, 323 U. S. 594, 65 S. Ct. 496, 498, 89 L. Ed. 483, furnishes a persuasive analogy, for in that case it was held that a woman, although incurably insane, might make a "[gift] in contemplation of death" because the motive of the fiduciary, who made the transfers under court sanction, would be imputed to her and were the "motives and considerations as would have moved her." 323 U. S. at page 598, 65 S. Ct. at page 498. In other words, although insane, she could still make a gift in contemplation of death because of the power she possessed through a fiduciary. See also in this connection, General Laws of Massachusetts, c. 203, Secs. 12, 13 ; 1 Scott on Trusts, Sec. 92.

The second argument (that the corporate trustee could not act alone) is more complex. The petitioner relies upon the general rule which is set forth in Restatement of Trusts, vol. 1, sec. 194, that, "If there are two or more trustees, the powers conferred upon them can properly be exercised only by all the trustees, unless it is otherwise provided by the terms of the trust." See *Lyter* v. *Vestal* (Mo.), 196 S. W. (2d) 769, 773. However, comment "a" to section 194 of Restatement of Trusts points out that on the application of a cotrustee or beneficiary a court may direct the exercise of a power if it appears to be for the best interest of the trust and that a cotrustee can properly exercise a power conferred upon all the trustees if there is an emergency and the consent of the others or of a court can not be obtained. Restatement of Trusts also provides that the powers conferred upon trustees can properly be exercised by surviving trustees (sec. 195), or successor trustees (sec. 196), unless it is otherwise provided by the terms of the trust. The Missouri Revised Statutes Annotated provide for the appointment of a successor in place of any trustee who has become insane or has become unable by sickness or other disability to perform or execute his trust. Section 3527 provides in part that:

\* \* \* in case of a deed of trust given for the benefit and use of any person, other than the payment of a debt or other liability, such court shall make an order

appointing a suitable person as trustee in such deed of trust in the place of the original trustee, to hold the property or estate conveyed by such deed to the same uses and trusts under and subject to the same powers and conditions, as the same was held by the original trustee, and who shall do and perform all the acts and things that the original trustee had power to do and perform, with the same force and effect, and shall thereby be substituted to and vested with the same title and interest in the property conveyed in such deed as was vested in and possessed by the original trustee, and shall have the same power and right to convey and dispose of such title as the original trustee had.

The petitioner further argues that under the law of Missouri neither a surviving nor a successor trustee would have authority to act if the exercise of the power is dependent on the personal judgment and discretion of the trustees appointed by the settlor. Where a power is "highly discretionary" there might be a tendency, supported by *dicta* of the Supreme Court of Missouri, to hold that the power is personal to the original trustees. See *Williams* v. *Hund*, 302 Mo. 451; 258 S. W. 703; *De Lashmutt* v. *Teetor*, 261 Mo. 412; 169 S. W. 34. The former case involved the exercise of a power by an original trustee to pay income to the second wife of a beneficiary if he "marries a woman of good repute." The latter case involved the exercise of a power of sale over Missouri real estate by a substituted trustee who acted under appointment of a Maryland court. The petitioner has not cited and we have not found any Missouri decision which involves facts comparable to the present facts. Here, the question depends upon whether the settlor intended that the power to invade trust corpus should be exercised only by both of the trustees originally named. See comment "c" to section 195 and comments "a" and "e" to section 196 of Restatement of Trusts. Cf. *Lyter* v. *Vestal*, *supra*, wherein the Supreme Court of Missouri construed a power to encroach upon the corpus of a testamentary trust in the light of the testator's intent and all the surrounding circumstances. That case involved the exercise of the power by original trustees, and the court cited Restatement of Trusts with approval. Comment "e" to section 196 of Restatement of Trusts contains the following discussion:

*Power to make advances.* If power is conferred upon the trustee to make advances out of principal to a beneficiary for life, the question whether successor trustees can properly make such advances may depend upon whether the primary intention of the settlor was to promote the interest of the life beneficiary, or to preserve the property for the remainderman. Thus, if the life beneficiary is the widow or a child of the settlor and the remaindermen are distant relatives or the remainder is for a charitable purpose, the inference that power to make advances to the life beneficiary can be exercised by successor trustees is stronger than it is where the remaindermen are the settlor's children. The inference that successor trustees shall have power to make such advances is stronger where the income from the estate is insufficient for the support of the life beneficiary, than it is where the income is more than sufficient.

The present power was created by and for the decedent, who was also the life beneficiary. She did not confer the power upon the trustees by name. She selected a corporate cotrustee. She provided external standards for the exercise of the power. All these circumstances refute the petitioner's contention that the power was so discretionary, or personal to both trustees, that the corporate trustee could not act alone in the event of the decedent's "illness or other disability." While she reserved the right to delegate in writing her authority to the corporate trustee, the nature of her disability made such delegation impossible. Under this circumstance it would be unreasonable to hold that the power of the corporate trustee was also "destroyed." The object of the power, if not the whole trust, would thus be defeated. We think that a Missouri court would take the same view upon the same facts. Therefore, we construe the power in question as one which could have been exercised by the corporate trustee alone. For similar reasons, we think that under the law of Missouri a successor trustee also would have been authorized to join the corporate trustee in the exercise of the power.

Finally, the petitioner contends that we should consider the fact that the decedent had sufficient income and that an invasion of the trust corpus was improbable under all the circumstances. We have refused to consider similar facts in similar cases and we think them irrelevant here. The estate tax is imposed upon the entire amount of property subject to the right of invasion and not upon the amount of probable invasion. See *Estate of Mary V. Cochran, supra; Estate of John J. Toeller, supra;* cf. *Commissioner* v. *Field's Estate,* 324 U. S. 113; *Fidelity-Philadelphia Trust Co.* v. *Rothensies,* 324 U. S. 108.

We hold that the value of the corpus of the trust created by the decedent is includible in her gross estate under section 811 (c) by virtue of her right to have the corpus invaded for her benefit. It is therefore unnecessary to consider whether the decedent or her estate also had a possibility of reverter by operation of law.

*Decision will be entered under Rule 50.*