**COCHRAN'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 13702.

United States Court of Appeals
Eighth Circuit.

March 8, 1949.

Harold C. Hanke, of St. Louis, Mo. (Luther Ely Smith, of St. Louis, Mo., on the brief), for petitioners.

Melva M. Graney, Sp. Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen. and George A. Stinson, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

The petition here is to review decision of the Tax Court which decides that there is deficiency in estate tax for the estate of Mary V. Cochran who died a resident of Missouri on January 5, 1944. The findings of fact and opinion are reported at 9 T.C. 242.

It appears from the undisputed findings that on June 8, 1928, Mrs. Cochran created a trust and transferred securities to the St. Louis Trust Company and her daughter Ella Cochran Sluder as trustees, providing in the trust agreement, among other things, that the income from the trust property was to be paid to herself for life. The executors of Mrs. Cochran's will made estate tax returns showing no estate tax liability in respect to the corpus of the trust estate which was of the value of $180,038.49 at the time of her death, but the Commissioner made determination, sustained by the Tax Court, that the amount of the corpus was includable in her gross estate as required

by Section 811(c) of the Internal Revenue Code, 26 U.S.C.A. § 811, and that there was deficiency in estate tax in the sum of $29,062.89.

The petition to review decision of the Tax Court was submitted to this court on briefs and oral arguments at the September 1948 session, but it was then called to our attention that on June 21, 1948, the Supreme Court had called for argument in the cases of Commissioner v. Church's Estate, 335 U.S. 632, 69 S.Ct. 322, and Commissioner v. Spiegel's Estate, 335 U.S. 701, 69 S.Ct. 301, on the following question, among others, to-wit:

"Did section 811(c) of the Internal Revenue Code, in 1939, require the inclusion in the settlor's gross estate of the value of the corpus of a trust because the settlor, by its terms, had, in 1924, reserved to himself a right to the income of the trust until his death, the reservation thus being made before the March 3, 1931, amendment of that section?" 68 S.Ct. 1523, 1524.

As the settlor of the trust in this case had reserved to herself a right to the income for life of the trust which she created in 1928 and the dispute was whether Section 811(c) required the value of the corpus to be included in her gross estate, we deferred deciding the petition for review until the Supreme Court heard the argument it called for and decided the Church and Spiegel cases, supra, on January 17, 1949. In the case of Church's Estate the court held "that this trust agreement, because it reserved a life income in the trust property, was intended to take effect in possession or enjoyment at the settlor's death and that the Commissioner therefore properly included the value of its corpus in the estate." [335 U.S. 632, 69 S.Ct. 331]

Obedience to the Supreme Court's decision compels decision here that the value of the corpus of the trust created by Mrs. Cochran remaining at her death was properly includable in her gross estate for tax under the provisions of Section 811(c) and there was deficiency in her estate tax as determined by the Commissioner and decided by the Tax Court.

It is contended for the taxpayer that even though Section 811(c) imposes the tax here assessed and sustained by the Tax Court, we should nevertheless reverse the Tax Court on account of the reasoning by which it reached decision. It is stressed that the Commissioner indicated to the Tax Court that the reasons which have now prevailed were not relied on by him. He was precluded by May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244.

But the Tax Court found undisputed facts which under the Supreme Court decision required the inclusion in the settlor's gross estate of the value of the corpus of the trust. The Tax Court by its decision did so include the corpus and its decision was right according to law. We may not reverse it on account of any of the reasons given for it, but because the decision is in accord with the facts and the law, the deficiency is sustained. Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224; Commissioner v. Josephs, 8 Cir., 168 F.2d 233.

Affirmed.