### ST. LOUIS UNION TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13783.

United States Court of Appeals
Eighth Circuit.

March 23, 1949.

T. Harley Pollock, of St. Louis, Mo. (Pollock, Tenney & Dahman, and Stanley M. Rosenblum, all of St. Louis, Mo., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Ellis N. Slack and Lee A. Jackson, Sp. Asst. to Atty. Gen. and Theron Lamar Caudle, Asst. Atty. Gen., on the brief), for respondent.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The question in this case is the same question decided by this court on March 8, 1949, in Estate of Cochran, Deceased, et al. v. Commissioner of Internal Revenue, 8 Cir., 173 F.2d 504. The case is here on a petition to review the decision of the Tax Court sustaining the Commissioner's ruling that property transferred in trust on August 9, 1926, was includible in the settlor's gross estate for estate tax purposes within the meaning of section 811(c) of the Internal Revenue Code, 26 U.S.C.A. § 811(c).

In this case, as in the Cochran case, the decedent reserved a life estate in the trust property. As in the Cochran case, the Commissioner at the hearing before the Tax Court conceded, and the Tax Court held, in deference to May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, that the problem was not affected by the reservation of a life estate. The Tax Court based its decision on other provisions of the trust instrument which we need not consider.

Since this case was decided in the Tax Court, and after its submission to this court, the Supreme Court decided Commissioner of Internal Revenue v. Church's Estate, 335 U. S. 632, 69 S. Ct. 322, overruling May v. Heiner, supra, and holding that a transfer of property in trust with the reservation in the settlor of the income of the trust property for life was a transfer intended to take effect in possession or enjoyment at the settlor's death within the meaning of the pre-1931 language of section 811(c) of the Internal Revenue Code. The question for decision here is whether the rule announced in the Church case controls the present controversy under the facts stated above. We have answered this question in the affirmative in the Cochran case. What was said in that case need not be elaborated here. See also Hormel v. Helvering, 312 U.S. 552, 559, 61 S.Ct. 719, 85 L.Ed. 1037.

The judgment of the Tax Court is affirmed.