Estate of Myron Selznick, Deceased, Bank of America National Trust and Savings Association, David O. Selznick and Charles H. Sachs, Executors v. Commissioner.
Estate of Myron Selznick v. Commissioner
Docket No. 14985.
United States Tax Court
1949 Tax Ct. Memo LEXIS 221; 8 T.C.M. (CCH) 341; T.C.M. (RIA) 49074; April 1, 1949
*221 Held, property transferred to a trust under which the life estate in the income was reserved to the donor is includible in the gross estate of deceased donor under section 811 (c), I.R.C.Francois L. Church, 335 U.S. 632 (January 17, 1949). Lucien W. Shaw, Esq., 433 So. Spring St., Los Angeles, Calif., for the petitioners. E. A. Tonjes, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency in estate tax of $384,634.05 consequent upon his holding, inter alia, that property transferred to a certain trust should be included in the gross estate of decedent, pursuant to section 811 (c), I.R.C.
The parties entered into an extensive stipulation *222 by which numerous issues were disposed of. Such stipulation is incorporated herein by reference and adopted as formal findings of fact. Effect will be given to such stipulations in the recomputation consequent hereon. The following facts were stipulated or appear from the pleadings: [The Facts] Bank of America National Trust and Savings Association, a national banking association, David O. Selznick and Charles H. Sachs are the duly appointed and acting executors of the last will and testament of Myron Selznick, who died on March 23, 1944. The Federal estate tax return of the estate of said decedent was duly filed with the collector of internal revenue for the sixth district of California on June 22, 1945 and the sum of $294,099.92 was paid to said collector on said date as Federal estate tax of said estate. On January 29, 1932 the decedent executed a Declaration of Trust naming the Citizens National Trust and Savings Bank of Los Angeles as trustee and said bank accepted said trust, referring to it as Trust No. 6969. Article VII of the trust agreement reads as follows: "This Trust is irrevocable. The entire net income received and derived from the trust estate and available *223 for distribution hereunder shall be by said Trustee paid monthly or in other convenient installments as directed by the Trustor to MYRON SELZNICK for and during his lifetime; the said MYRON SELZNICK, however, reserves the right to direct the Trustee from time to time to credit, keep and add any and all income which, pursuant to the terms hereof, may be payable to him, to the principal of the corpus of the trust estate, by giving written instructions from time to time so demanding." Article XI reads as follows: "Notwithstanding the fact that this Declaration of Trust is irrevocable, the Trustor, for himself and on behalf of the beneficiaries, reserves the right to petition any court of competent jurisdiction at any time and from time to time to amend and/or construe the same; provided, however, that no amendment shall change the provisions of this trust which shall have the effect or which is intended to or shall cause the same to be construed to be or amend it to be a revocable trust rather than an irrevocable one. "The Trustor reserves the absolute right to cancel or cause to be cancelled, and revoke or cause to be revoked, any of the insurance policies herein referred to, or *224 which may hereafter be added to this Trust, provided that he first obtain the written consent of any two of the following, towit: The Trustee, David O. Selznick and Loyd Wright; provided further, that upon any cancellation any cash surrender values received on any such policies, shall remain in and/or be added to the corpus of this Trust." The decedent transferred assets to said trust as follows: On January 29, 1932 decedent transferred to the trust, assets (other than life insurance contracts) having a value on the date of decedent's death of $152,951.83. After June 6, 1932 decedent transferred to said trust, assets (other than life insurance contracts) having a value on the date of decedent's death of $130,817.79, which amount, it is stipulated and agreed, in any event is properly includible in decedent's gross estate (and which represents $28.81 more than the amount reported in the estate tax return on account of such assets). Decedent also transferred to said trust, life insurance contracts owned by him, as follows: Policy Number
Name of Issuing Insurance Company
Amount of Policy
4,330,590
Mutual Life Insurance Company
$25,000
10,484,859
New York Life Insurance Company
25,000
10,484,860
New York Life Insurance Company
25,000
10,541,918
New York Life Insurance Company
50,000
62,036
Peoples Life Insurance Company
25,000
63,287
Peoples Life Insurance Company
5,000
108,328-R
Indianapolis Life Insurance Company
10,000
102,324
Indianapolis Life Insurance Company
10,000
109,395
Indianapolis Life Insurance Company
5,000
*225 Attached to the life insurance contracts are true copies of instruments of assignment executed by decedent on the dates shown on such instruments and delivered by him to the trustee on such dates. The total proceeds of said life insurance contracts, as of the date of decedent's death, were $188,275.31, of which the portion allocable to premiums paid prior to January 10, 1941 was $148,805.10, and the portion allocable to premiums paid after said date was $39,470.21, which latter sum, it is stipulated and agreed, is in any event, includible in decedent's gross estate (and which represent $62.63 more than the amount reported in the estate tax return on account of said insurance). As set forth in the Declaration of Trust, the net income of said trust was to be paid to Myron Selznick. Attached thereto is a statement showing the dates and amounts of all payments made by the trustee under said trust to Myron Selznick, from the date of creation of the trust to the date of decedent's death. On the date of decedent's death there were $1,138.36 of income of said trust on hand with said trustee which had accrued and which had not been distributed to the decedent. It was also stipulated if *226 the Court finds that all of the assets transferred by decedent to said trust (including both non-insurance assets and insurance contracts) are includible in gross estate, the amount includible in gross estate on account thereof is $472,044.93. [Opinion] On the above facts and others appearing in the stipulation and exhibits, petitioners on brief contend that none of the assets transferred to the trust should be included in the taxable estate. The brief was filed but a few days before the Supreme Court rendered its decision in Commissioner v. Estate of Francois L. Church, Deceased, 335 U.S. 637 (January 17, 1949). In that case the Supreme Court overruled May v. Heiner, 281 U.S. 238 and Hassett v. Welch, 303 U.S. 303, and ruled on facts closely paralleling in all substantial respects those here present that the reservation of life income is a decisive factor. The Court said: "* * * We hold that this trust agreement, because it reserved a life income in the trust property, was intended to take effect in possession or enjoyment at the settlor's death and that the Commissioner therefore properly included the value of its corpus in the estate. *227 " No useful purpose will be served by discussion of the various technical and legalistic arguments advanced by petitioners in view of the devastating effect thereon of the Church case. Respondent is affirmed. Decision will be entered under Rule 50.