John D. Bennett, S.
This is an appeal by the State Tax Commission from a pro forma order fixing the tax in this estate based upon the appraiser’s report. The appeal is taken upon the ground that the order did not include as part of the gross estate the principal of a trust fund created by the decedent. The case is one of first impression.
The decedent died on April 7, 1953. On March 16, 1923 the decedent as settlor created a trust in the sum of $100,000, under which the income was reserved to her for life, and upon her death one half of the principal was to be paid to the settlor’s daughter, the other one half to be continued in trust, the income thereof to be paid to the decedent’s husband for his lifetime, with the remainder vested in her said daughter. The husband predeceased the settlor and, pursuant to the provisions of the trust, the entire principal of the fund was paid to the settlor’s daughter. The trust was irrevocable.
*292 An exhaustive review of the history of the applicable statutes and authorities to the date of that decision may be found in Matter of Harbord (201 Misc. 358, affd. 279 App. Div. 914, affd. 305 N. Y. 622). A less extensive summary is necessary here.
The Legislature of the State of Hew York adopted article 10-C of the Tax Law in 1930. This statute required that there be included in the gross taxable estate the value of property “ To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death ” (§ 249-r). In 1931 the State of Hew York enacted an amendment (L. 1931, ch. 62) to section 249-r of article 10-C of the Tax Law to provide specifically that there be included in a decedent’s gross taxable estate all transfers which he had made during his life by trust or otherwise, pursuant to which he retained for his life the “ possession or enjoyment of, or the income from, the property ”. The Hew York courts held that this amendment had only prospective application and refused to include as part of the gross taxable estate assets of irrevocable inter vivos trusts which reserved life incomes to the settlor and which were made prior to the adoption of the amendment in 1931. However, in 1949 the United States Supreme Court in Commissioner of Internal Revenue v. Estate of Church (335 U. S. 632), in construing the Federal revenue act, held that such an inter vivos trust made in 1924 reserving a life income to the settlor was taxable as part of the gross estate. This decision, in effect, rejected the reasoning of prior Federal cases (May v. Heiner, 281 U. S. 238).
The United States Congress, in order to alleviate the hardship and confusion which resulted from the interpretation by the United States Supreme Court in the Church decision (supra) enacted the Technical Changes Act of 1949 (63 U. S. Stat. 891, 894) providing that trusts created prior to March 3,1931 reserving a life estate to the donor, were not subject to taxation as part of the gross estate, if the donor died before January 1, 1950. This act further provided that the assignment or relinquishment of said life estate prior to 1951 would not constitute a transfer in contemplation of death (63 U. S. Stat. 896).
The State of Hew York, in order to conform with Federal tax statutes, thereafter adopted an amendment to section 249-r of the Tax Law of Hew York (L. 1950, ch. 683). This amendment provided that the value of a gross estate of a decedent should be determined by including the value of all property to the extent of any interest therein of which the decedent had at any time made a transfer, “ (ii) under which he has retained for *293 his life * * * the possession or enjoyment of, or the right to the income from, the property * * * or (iii) intended to take effect in possession or enjoyment at or after his death This amendment further provided that any transfer of property which the decedent made prior to October 8, 1949 intended to take effect in possession or enjoyment at or after Ms death would not be included in his gross estate under clause (iii) unless the decedent had retained a reversionary interest in the property. Further, the amendment provided that in the case of a transfer of property which was made prior to May 8, 1934 under which the grantor retained “ the possession or enjoyment of, or the right to the income from, the property ”, an assignment by the grantor of such possession, enjoyment or right to income would not be deemed to have been in contemplation of death within the meaning of article 10-C of the Tax Law if made prior to January 1, 1951. This amendment was made effective May 1, 1950.
The administrator c. t. a. contends that under the 1950 amendment to section 249-r of the Tax Law, the principal of the trust established by the decedent herein should not be included as part of the gross estate as the trust in question was created prior to October 8, 1949 and the decedent had no reversionary interest. In support of this position, the administrator c. t. a. relies on Matter of Harbord (supra). The decedent in that case had died in 1947. The court ruled that the 1950 amendment to the Tax Law did not apply to a decedent who died prior to the effective date of the amendment. Of course in that case the decedent had no opportunity to exercise the option contained in the 1950 amendment to assign his life estate and thereby exempt the principal of the trust from inclusion in the gross estate.
Here the decedent having lived to 1953 had the opportunity to exercise the option before January 1, 1951 but did not avail herself of it. It is this omission that requires the appeal to be sustained. The administrator’s reliance on the New York Legislative Annual (1950, p. 316) is therefore difficult to comprehend. Although it is there stated that the bill will provide relief for this type of trust, on page 316 it is stated: “ It would also permit, until January 1, 1951, a tax-free release or assignment of rights retained by the transferors under certain types of transfers.” And on page 317 it is stated: “ This bill allows relief * * * similar to that allowed by the TechMcal Changes Act. It provides that rights to income from property transferred before 1931 may be released or assigned prior to January 1,1951 without liability for New York estate tax.”
*294 Since subdivision 3 (par. [a], cl. [ii]) contained in the 1950 amendment to section 249-r of article 10-C of the Tax Law expressly provides that an interest in property transferred by the decedent, under which he has retained the right to the income therefrom for his life, shall be included in the gross estate, the principal of the trust in this proceeding is subject to taxation under that section.
The Technical Changes Act of 1953 (67 U. S. Stat. 615) again exempted the principal of this type of trust from inclusion in the gross estate and was retroactive in its application. This fact accounts for the ruling by Federal tax authorities that for Federal inheritance taxes, the corpus of this trust is not part of the gross estate. This fact, however, is of no more significance than it was in the Harbord case (supra) in its application to the problem posed by the New York State statute.
In 1954 the Legislature amended article 10-C of the Tax Law to exclude expressly from the value of the gross estate a transfer of interest in property made before March 10,1931 even though the grantor retained for his life the right to the income from the property. This amendment by its terms is made applicable only to the estates of decedents who die on or after the effective date of the amendment. “ § 2. This act shall take effect May first, nineteen hundred fifty-four, and the amendments made hereby shall be applicable to the estates of decedents who die on and after said date. ” (L. 1954, ch. 100.) Since the decedent died in 1953, this amendment is not applicable and consequently the principal of the trust must be included as part of the gross estate.
To summarize, the decision here turns on the point that the decedent was given by statute an opportunity to dispose of her income rights by January 1,1951, which opportunity she did not avail herself of. Since she died in 1953, prior to the 1954 State statute which is prospective only and which would have afforded relief, the principal of the trust must be included in the gross estate for New York State tax purposes even though it is excluded from the gross estate for Federal tax purposes because the Technical Changes Act of 1953 granting similar relief was retroactive in its application. Though it refers to the earlier statutes, the rationale for this distinction is apropos and is found in the Harbord case (supra, pp. 367, 368). (See, also, N. Y. Legis. Ann., 1950, p. 317.) “ This bill applies to the estates of those dying on or after its effective date. It does not follow the Technical Changes Act of 1949 in so far as that Act granted retroactive relief to the estates of decedents who have already died, because section 8 of Article VII of the Constitution *295 of this State has repeatedly been construed to forbid any retroactive reduction of tax liability already accrued. As to all decedents dying on or after its effective date, however, this bill would bring the New York statute into conformity with the corresponding Federal statute.”
Settle order.